UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

KARANDEEP SINGH
(A-Number: 246-267-260),

Petitioner,

v.

TONYA ANDREWS, Administrator of Golden State Annex, et al.,

Respondents.

No. 1:26-cv-05448-KES-EGC (HC)

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS AND REQUIRING IMMEDIATE RELEASE

Doc. 1

Petitioner Karandeep Singh is an immigration detainee proceeding with a petition for writ of habeas corpus and motion for temporary restraining order. Docs. 1, 2. The Court has previously addressed the legal issues raised by the petition—that, when a noncitizen has previously been released pursuant to 8 U.S.C. § 1226(a) and is subsequently re-detained on the grounds that he is subject to 8 U.S.C. § 1225(b)(2)(A), the Due Process Clause requires a bond hearing at which the government bears the burden to prove that the noncitizen is a flight risk or danger to the community by clear and convincing evidence. *See, e.g.*, *Luis Alberto R.C. v. Murray*, 817 F. Supp. 3d 917 (E.D. Cal. 2025); *Elmer Joel M. C. v. Wofford*, No. 1:25-CV-01622-KES-CDB (HC), 2025 WL 3501200 (E.D. Cal. Dec. 6, 2025); *W.V.S.M. v. Wofford*, No. 1:25-CV-01489-KES-HBK (HC), 2025 WL 3236521 (E.D. Cal. Nov. 19, 2025); *Bilal A. v. Wofford*, No. 1:25-CV-01715-KES-HBK (HC), 2025 WL 3648366 (E.D. Cal. Dec. 16, 2025); *Marina V.N. v. Robbins*, No. 1:25-CV-01845-KES-SKO (HC), 2025 WL 3701960 (E.D. Cal. Dec. 21, 2025).

The Court set a briefing schedule on the petition and ordered respondents to show cause as to whether there are any factual or legal issues in this case that distinguish it from the Court's prior orders and that would justify denying the petition. Doc. 5. Respondents acknowledge that this case raises the same issues. *See* Doc. 6. While they "preserve their position [] that Petitioner is subject to the mandatory pre-order detention statute, 8 U.S.C. § 1225(b)," they do not raise any new arguments. *See id.* They argue that this "case is in the category of immigration habeas cases for which the Court has typically ordered a bond hearing" because petitioner "has criminal history." Doc. 6 at 1. Petitioner's only criminal history is an arrest in May 2026 for leaving the scene of an accident with property damage on October 16, 2025.[1] *See* Doc. 9-2, Singh Decl. at ¶¶ 1–4; Doc. 6-2. Petitioner states, and respondents do not dispute, that petitioner informed ICE about the October 16, 2025 arrest when he appeared for a scheduled check-in in January 2026. Doc. 1 at ¶ 7; *see* Doc. 6. Respondents' records show that petitioner has not been convicted of any offense. *See* Doc. 6-2.

For the reasons stated in *Luis Alberto R.C. v. Murray*, 817 F. Supp. 3d 917 (E.D. Cal. 2025), *Elmer Joel M. C. v. Wofford*, No. 1:25-CV-01622-KES-CDB (HC), 2025 WL 3501200 (E.D. Cal. Dec. 6, 2025), *Bilal A. v. Wofford*, No. 1:25-CV-01715-KES-HBK (HC), 2025 WL 3648366 (E.D. Cal. Dec. 16, 2025), *W.V.S.M. v. Wofford*, No. 1:25-CV-01489-KES-HBK (HC), 2025 WL 3236521 (E.D. Cal. Nov. 19, 2025), and *Marina V.N. v. Robbins*, No. 1:25-CV-01845-KES-SKO (HC), 2025 WL 3701960 (E.D. Cal. Dec. 21, 2025), the Court finds that petitioner's re-detention without a bond hearing violates due process.

In this case, that bond hearing should have been provided before petitioner was detained. "'[T]he root requirement' of the Due Process Clause" is "'that an individual be given an opportunity for a hearing *before* he is deprived of any significant protected interest.'" *Cleveland Bd. of Educ. v. Loudermill,* 470 U.S. 532, 542 (1985) (quoting *Boddie v. Connecticut,* 401 U.S.

---

[1] Petitioner's rap sheet reflects that the arrest occurred on May 26, 2026, but petitioner clarified that the arrest occurred on October 16, 2025, and he reported for fingerprinting and processing related to that arrest on May 26, 2026. *See* Doc. 9-2, Singh Decl. at ¶¶ 1–4. He provides a crash information report associated with the incident that confirms it occurred on October 16, 2025. Doc. 9-2, Ex. A.

371, 379 (1971)); *see Zinermon v. Burch*, 494 U.S. 113, 127 (1990) ("Applying [the *Mathews*] test, the Court usually has held that the Constitution requires some kind of a hearing *before* the State deprives a person of liberty . . . ."). Courts typically require evidence of urgent concerns or an especially strong government interest to justify a post-deprivation hearing. *See Guillermo M. R. v. Kaiser*, 791 F. Supp. 3d 1021, 1035–37 (N.D. Cal. 2025); *United States v. James Daniel Good Real Prop.*, 510 U.S. 43, 53, 59–61 (1993) ("We tolerate some exceptions to the general rule requiring predeprivation notice and hearing, but only in extraordinary situations where some valid governmental interest is at stake that justifies postponing the hearing until after the event[,]" such as "executive urgency." (internal quotations omitted)).

There are no urgent circumstances in this case. Petitioner reported his October 2025 arrest to ICE at a check-in in January 2026. *See* Doc. 1 at ¶ 7. The government then waited until July 8, 2026, at his next ICE check-in, to detain him, *see* Doc. 6-1.

The petition for writ of habeas corpus is GRANTED. Respondents are ORDERED to release petitioner Karandeep Singh (A-Number: 246-267-260) immediately. Respondents are ENJOINED AND RESTRAINED from re-detaining petitioner unless they demonstrate, by clear and convincing evidence at a pre-deprivation bond hearing before a neutral decisionmaker, that petitioner is a flight risk or danger to the community such that his physical custody is legally justified.

Respondents are ORDERED to provide petitioner with a copy of this Order upon his release.

The Clerk of Court is directed to close this case and enter judgment for petitioner. The Clerk is directed to serve Golden State Annex with a copy of this Order.

IT IS SO ORDERED.

Dated: July 20, 2026

UNITED STATES DISTRICT JUDGE